UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RAY PERRY,<br><br>Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>Respondent. | NO. EDCV 17-1019-GW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

In his Objections, Petitioner argues for the first time that appellate counsel was deficient for failing to raise a *Batson*[1] challenge on appeal based on the prosecution's exercise of a peremptory as to Juror No. 25, whom he now

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

identifies as "the only African American in the pool." (Obj. at 7.)

Petitioner's contention is unexhausted because it was not raised before the California Supreme Court (or any state court for that matter).² Federal habeas relief is generally not available for an unexhausted claim. 28 U.S.C. § 2254(b)(1).³ Thus, to the extent Petitioner seeks to amend his petition to assert such a claim, his request is DENIED.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: July 2, 2019

                                        GEORGE H. WU
                                        United States District Judge

---

² The record before the state court does not disclose the race of Juror No. 25, who was in the initial group of 12 prospective jurors. The prosecutor's voir dire of Juror No. 25 focused on her brother, who had been arrested for heroin-related offenses, had been in and out of county jail, and had since passed away. (Lodged Document ("LD") 3 at 49, 75.) The prosecutor initially accepted the jury as constituted. (Id. at 89.) The defense then exercised three peremptories. (Id. at 89-90.) After additional prospective jurors took the place of dismissed jurors, the prosecutor used peremptories on Juror No. 25 and Juror No. 12, both of whom had family members with prior felony arrests or convictions. (Id. at 57, 74, 100.) The defense used peremptories to remove the other two prospective jurors, Juror Nos. 47 and 31, who had family members with prior arrests or convictions. (Id. at 104, 126, 147, 149.) Juror No. 47 was thankful for her son's arrest and jail time because she felt it led to his rehabilitation and sobriety, and she was afraid he would otherwise have died. (Id. at 104.) Juror No. 31 expressed the view that the system had been too lenient and had given his brother too many chances to skip out on bail. It would have been better for his brother had the system intervened earlier. (Id. at 149.)

³ The claim is also likely time-barred because it would not relate back to the filing of the petition in this case. *Mayle v. Felix*, 545 U.S. 644, 658 (2005). The magistrate judge declined to reach the Respondent's argument that the petition was barred by the statute of limitations, and recommended denial of the petition on the merits.